UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| DARNELL WILSON, | Docket No. |
| Plaintiff, | |
| -against- | **COMPLAINT AND JURY DEMAND** |
| THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR TIMOTHY PEARSON, SERGEANT JAMES CASEY, POLICE OFFICER KENNETH COLEMAN, JOHN DOE ##1-5, | ECF CASE |
| Defendants. | |

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.      The claim arises from a May 22, 2004 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, excessive force, unlawful search and seizure, false arrest, and malicious prosecution.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and supplementary jurisdiction over Plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff Darnell Wilson ("plaintiff") is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

9. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

10. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Police Commissioner of the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant.  The Commissioner is sued in his individual and official capacities.

11. Deputy Inspector Timothy Pearson ("the Deputy Inspector") was at all times here relevant the Commanding Officer of the 88th Precinct and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  The Deputy Inspector is sued in his individual and official capacities.

12. Sergeant James Casey ("the Sergeant") and Police Officer Kenneth Coleman

("Officer Coleman") at all times here relevant were members of the New York City Police Department, and are sued in their individual and official capacities.

13.     All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

14.     At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

16.     On the evening of May 22, 2004, plaintiff was lawfully inside of an apartment building located at 68 Cumberland Walk, Brooklyn, NY.  At approximately 11:00 P.M., as plaintiff was exiting the building, the Sergeant, Officer Coleman, and John Doe defendants approached and questioned him without lawful basis.  The Sergeant, Officer Coleman, and John Doe defendants then unlawfully and unjustifiably handcuffed and detained plaintiff. The defendant officers applied the handcuffs with force in excess of that necessary to restrain plaintiff, causing injuries requiring medical treatment.

17.     The Sergeant, Officer Coleman, and John Doe defendants then falsely arrested plaintiff without probable cause or for any lawful reason and falsely charged him with criminal charges.  The officers maliciously prosecuted plaintiff, causing a false summons to be issued against him.  All charges against plaintiff were subsequently dismissed.

18.     At all times during the events described above, the Sergeant, Officer Coleman, and John Doe defendants assisted each other in performing the various actions described, and lent their physical presence, support and the authority of their office to each other during said events.  Before approaching plaintiff, defendants entered into an agreement to stop plaintiff

without lawful basis; shortly after apprehending plaintiff, the officers entered into an agreement to fabricate charges against plaintiff and to cause him to be arrested.

19.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.     Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b.     Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c.     Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution,

    d.     Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law,

    e.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety,

    f.     Physical pain and suffering,

    g.     Loss of liberty,

    h.     Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC §1983)

21.     All preceding paragraphs are here incorporated by reference.

22.     Defendants, acting under color of law, subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause or reasonable suspicion.

23. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

24. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

25. As a result of the false detention, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

**SECOND CAUSE OF ACTION**
(MUNICIPAL AND SUPERVISORY LIABILITY)

26. All preceding paragraphs are here incorporated by reference.

27. The City, the Commissioner and the Deputy Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

28. The City, the Commissioner and the Deputy Inspector knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

29. The aforesaid event was not an isolated incident. The City, the Commissioner and the Deputy Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause and reasonable suspicion. City policies with respect to stopping individuals suspected of trespassing are likely to result in violations of individuals' constitutional rights. The City, Commissioner and Deputy Inspector are further aware, from the same sources,

5

that a "wall of silence" exists by which police officers unlawfully stop citizens without fear of reprisal.  The City, Commissioner and Deputy Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies.  Additionally, the City, Commissioner and Deputy Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate the plaintiff 's civil rights, without fear of reprisal.

30.     The City, Commissioner and the Deputy Inspector knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case.  Nevertheless, the City, Commissioner and Deputy Inspector failed to take corrective action.

31.     The City, Commissioner and Deputy Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

32.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, Commissioner and Deputy Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff 's rights here alleged.

33.     Defendants City of New York, the Commissioner and Deputy Inspector have damaged plaintiff  by their failure to properly train, supervise, discipline, review, remove, or

correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

34. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City the Commissioner and the Deputy Commissioner in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars.

### THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORT)

35. All preceding paragraphs are here incorporated by reference.

36. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

37. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

38. Plaintiff has been damaged as a result of the wrongful acts of defendants in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars for each of plaintiff's of Action;

B. Awarding plaintiffs punitive damages in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
              December 23, 2005

TO:    New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY  10007

        Police Commissioner Raymond W. Kelly
        1 Police Plaza, Room 1406
        New York, NY 10006

        Deputy Inspector Timothy Pearson
        Patrol Bureau Queens South
        71-01 Parsons Blvd.
        Flushing, NY 11365

        Sergeant James Casey
        Brooklyn North Task Force
        179 Wilson Ave.
        Brooklyn NY 11237

        Police Officer Kenneth Coleman
        Patrol Bureau Brooklyn North
        179 Wilson Ave.
        Brooklyn NY 11237

Yours, etc.,

ANDREW STOLL, ESQ.
Bar #AS8808
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@nyc.rr.com